**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**KENNETH R. TILLERY,**

    **Plaintiff,**

v.                                                 **Case No. 6:09-cv-951-Orl-MSS-KRS**

**OFFICER TRAN, et al.,**

    **Defendants.**

_____

### ORDER

This case is before the Court on Defendant Tran and Flounoy's (collectively "Defendants") Motion for Sanctions or in the Alternative to Dismiss the Complaint for Failure to Exhaust Administrative Remedies (Doc. No. 26) and Plaintiff's Response in Opposition to the Motion (Doc. No. 28). As discussed hereinafter, it is **ORDERED** that Defendants' Motion for Sanctions is denied and their Motion to Dismiss the Complaint is granted.

**I.**     *Factual Background*[1]

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment rights by using excessive force against him. (Doc. No. 8 at 8.) Plaintiff contends that on May 27, 2009, Defendants, who are correctional officers at the Central Florida Reception Center, entered his cell and placed him in handcuffs. *Id*. at 8-9. At that time, Defendant

---

[1]The following statement of the facts is derived from Plaintiff's Complaint (Doc. No. 1), the allegations of which this Court must take as true in ruling on a motion to dismiss. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

Tran pushed Plaintiff's face into the wall two times. *Id*. at 9. Plaintiff also asserts that Defendant Tran often threatens him.[2] *Id.*

## II. Standard for Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *see also Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (citations omitted). Previously, the standard provided that a complaint should not be dismissed for failure to state a claim unless it appeared beyond doubt that plaintiff could prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

However, this standard has been "retired" in favor of a heightened requirement that the plaintiff supply "'enough facts to state a claim to relief that is plausible on its face,'

---

[2]Although not relevant to the resolution of the instant motion, the Court notes that since the initiation of the instant action, Plaintiff has been transferred to another prison facility. Additionally, the Court notes that Plaintiff has previously had three cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 6:00-cv-552-Orl-19A; (2) 6:00-cv-1038-Orl-28A; and (3) 6:03-cv-1589-Orl-22KRS. Based upon these three prior dismissals, Plaintiff would have been prevented from proceeding in this action without paying the full filing fee. *See* 28 U.S.C. § 1915(g). However, Plaintiff alleged that he was under imminent danger of serious physical injury and thus, was allowed to proceed. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

rather than merely 'conceivable.'" *Huggins v. Marriott Ownership Resorts, Inc.*, Case No. 6:07-cv-1514-Orl-22KRS , 2008 WL 552590 (M.D. Fla. Feb. 27, 2008) (discussing *Twombly* in dismissing claims for breach of implied duty of good faith and fair dealing) (quoting *Twombly*, 127 S. Ct. at 1969, 1974). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965. In the case of a *pro se* action, however, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## III. Analysis

Defendants assert that this action should be dismissed because Plaintiff failed to exhaust his administrative remedies. In support of their motion, Defendants argue that Plaintiff did not file a formal grievance or appeal to the Office of the Secretary prior to filing his civil rights complaint. (Doc. No. 26 at 2.)

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies before pursuing a civil rights action:

> **(a) Applicability of administrative remedies**
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

3

The United States Supreme Court has held that § 1997e's exhaustion requirement requires "'proper exhaustion,'" such that "a prisoner must exhaust all prescribed administrative remedies available to him . . . before filing a lawsuit to seek judicial redress." *Garcia v. Glover*, 197 Fed. App'x 866, 868 (11th Cir. 2006) (quoting *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). The Supreme Court has repeatedly held that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). To determine whether plaintiffs have exhausted their administrative remedies, courts do "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998)).

The Eleventh Circuit has held:

> Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."

*Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir.2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir.1988)). Therefore, Defendants have properly raised their exhaustion defense in the instant motion to dismiss. *See id.* at 1375. "When motions to dismiss are based on issues not enumerated under Rule 12(b), such as here, then Federal Rule of Civil Procedure 43(c) governs and 'permits courts to hear evidence outside of the record on affidavits submitted by the parties.'" *Brown v. Darr*, 2010 WL 1416552, at *3 (M.D. Ga. 2010) (quoting *Bryant*,

530 F.3d at 1377 n. 16). Accordingly, "the parties may submit documentary evidence concerning the exhaustion issue and doing so will not require the conversion of the motion to dismiss into a summary judgment motion." *Id*. "In addition, the judge may resolve factual questions concerning a plaintiff's alleged failure to exhaust nonjudicial remedies, 'so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.'" *Id*. (quoting *Bryant*, 530 F.3d at 1376) (footnote omitted).

To determine whether a complaint should be dismissed for failure to exhaust administrative remedies, the court must first consider the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, the court must accept, for purposes of the motion, the plaintiff's version of the facts as true. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "'If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.'" *Id*. If the court determines that the complaint is not subject to dismissal considering the plaintiff's factual allegations to be true, "the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id*.

The Florida Department of Corrections has a three-step inmate grievance procedure for all inmates in their custody, which is set forth in Chapter 33-103 of the Florida

5

Administrative Code. *Henderson v. Langenbrunner*, 2010 WL 1408371, at *4 (M.D. Fla. 2010).

> First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint. Informal grievances are to be filed "within a reasonable time" of the date of the incident. Inmates must file a formal grievance within fifteen days from when the informal grievance was responded to; or, within fifteen days of the date of the incident if the grievance is used to initiate the grievance process. If the inmate's issue is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Department.

*Id.* (citations omitted).

In the motion to dismiss, Defendants note that Plaintiff attached two inmate requests to his amended complaint which indicate that the requests were returned to Plaintiff without further processing for failure to comply with Rule 33-103.014(1) of the Florida Administrative Code. Defendants further state that the two requests attached to the amended complaint were filed on May 26, 2009, a day prior to the incident alleged in the amended complaint, and the allegations in the two requests do not relate to a claim of excessive force as asserted in the amended complaint. Finally, Defendants submitted the affidavit of Rebecca Padgham, a Management Analyst for the Florida Department of Corrections, Bureau of Inmate Grievance Appeals, wherein she attests that she reviewed the grievance appeal records kept by the Department of Corrections and Plaintiff did not file any formal grievance or appeal in the Office of the Secretary from May 27, 2009, through June 9, 2009, the date Plaintiff initiated this action. (Doc. No. 26-1 at 6-7.)

In his response to Motion to Dismiss, Plaintiff asserts that he filed:

> informal as well as formal, grievances at the institution level, a total of (16) grievances were forward[ed] to the warden of Central Florida Reception Center. . . . Plaintiff was placed in administrative confinement, for 60 days pending investigation. *While the investigation was being conducted, Plaintiff*

> *submitted a copy of this action along with an informal letter of the Defendants Tran and Flounoy use of force.* The *informal letter of complaint* was mailed to the Sect'y of Dept. of Correction[s]. . . .
>
> . . . It should be noted that Captain Geoghean the investigating officer never return[ed] any of the informal or formal grievances, and they are still in his possession. Accordingly[,] the undersigned counsel for the defendants has been misinformed by her clients. . . .

(Doc. No. 28 at 2-3) (emphasis added).

Upon consideration of the motion to dismiss, the response to the motion, and Plaintiff's amended complaint, the Court concludes that the factual allegations do not conflict. In the amended complaint, Plaintiff indicates that he did not submit an appeal to the Office of the Secretary. *See* Doc. No. 8 at 3. Furthermore, the documents attached to the amended complaint, entitled informal grievances, are dated May 26, 2009, and do not relate to the allegations contained in the amended complaint concerning a claim of excessive force occurring on May 27, 2009. *Id*. at 17-18. Plaintiff did not attach any document to the amended complaint indicating that he had appealed the determination of any grievance he may have submitted. Most importantly, however, Plaintiff asserts in his response to the motion to dismiss that he sent an informal letter of complaint to the Office of the Secretary of the Department of Corrections. Such a document cannot be deemed to serve as a notice of appeal, especially in light of Plaintiff's contention that his grievances had not been returned by the investigating officer, suggesting that at the time he initiated this action, no determination had been rendered on any grievance Plaintiff may have submitted. This conclusion is supported by the fact that the allegations in the amended complaint relate to an incident occurring on May 27, 2009, and the action was initiated in this Court on June 9, 2009, thirteen days after the alleged incident, precluding any

possibility that Plaintiff could have completed the three-step administrative process prior to initiating this action. Accordingly, the Court concludes that Plaintiff failed to exhaust his administrative remedies, and the instant action must be dismissed.

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 26) is **GRANTED**. Defendants' Motion for Sanctions (Doc. No. 26) is **DENIED**.

2. This case is **DISMISSED** without prejudice.

3. The **Clerk of the Court** is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 4th day of May 2010.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sc 5/4
Kenneth R. Tillery
Counsel of Record